IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES F. WUENSTEL, JR., FY-0085, )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>WESTMORELAND COUNTY PRISON, )<br>et al., )<br>    Defendants. ) | Civil Action No. 06-728 |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the defendants' Motion to Dismiss or in the alternative for Summary Judgment (Docket No.21), treated as a Motion for Summary Judgment be granted and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is a motion to dismiss or in the alternative for summary judgment submitted on behalf of the defendants.

Charles F. Wuenstel, Jr., and inmate at the State Correctional Institution at Greensburg, has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint, Wuenstel contends that following his incarceration at the Westmoreland County Jail on January 23, 2006, he made numerous unsuccessful requests that he be provided with his psychotropic medication; that it was not until February 15, 2006, that he received Wellbutrin, one of his medications, and that it want not until March 4, 2006, that he was provided with the appropriate dosage of that medication. He further alleges that when he

attempted to file a grievance over this matter, he was not provided with the appropriate forms. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants and the movants here are various officials at the jail.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972). Where in reviewing a motion to dismiss, matter beyond the complaint are considered by the court, the motion is treated as one for summary judgment. F.R.Civ.P. 12(b)(6). Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

In support of their motion, the defendants have provides affidavits of Edward Zalewski and William Nicholson. In his affidavit, Zalewski states that at the time in question he was the

Deputy Warden of Treatment at the prison; that the plaintiff never sought to file a grievance regarding not being provided with the appropriate medication and that the responsibility for providing medication at the jail rests with NaphCare.

In his affidavit, Nicholson states that he is the Administrator of the jail medical department employed by NaphCare; "that when Mr. Wuenstel came into the facility on January 23, 2006, he indicated that he was on two medications, Naprosyn and Wellbutrin. Mr. Nicholson states that the Naprosyn is nothing more than basic "Alleve", a mild anti-inflammatory, and Wellbutrin is a low level anti-depressant, which is so low level that sometimes people use it to help them quit smoking"; that "when contacting the pharmacy, they were told that the Wellbutrin was last filled in October, 2005, a full three months before Mr. Wuenstel's commitment.  Still, the nursing staff contacted the psychiatrist, Dr. Saavedra, on January 30, 2006 who provided a verbal order for the Wellbutrin. Mr. Nicholson said that a delay of only 7 days to get an essentially new prescription is not long at all, especially for this medicine and "if the prisoner had been able to prove he was on the medicine [when he entered the jail], he then could have gotten it right away"; that despite the fact that the plaintiff did not complain of not receiving Naprosyn, it was provided starting on February 17, 2006 after he saw a doctor, and that "when an inmate feels that he is not receiving the proper medical treatment, the proper way to approach it is to write a request to him and he will then look into it for them and remedy the situation as needed. Inmate Wuenstel did not send any requests to him to investigate but that the plaintiff's medical needs were promptly addressed..

In opposing the motion, the plaintiff has essentially reiterated the allegations of the complaint, but not made any submissions as required under Rule 56, F.R.Civ.P.

In order to prevail here, the plaintiff must demonstrate that the defendants were

3

deliberately indifferent to a serious medical need of his thereby exposing him to an excessive risk of injury. Singletary v. Pennsylvania, 266 F.3d 186 (2001). No such showing is made here. Rather, the record demonstrates that the plaintiff alleges that he was denied minimal dosages of Alleve and Wellbutrin; that he was not taking those medications at the time he entered the jail and that when his requests were made known, within a very short period of time, the medications were provided to him. Thus, there is no showing of the deliberate indifference required to set forth a viable claim.

Because there are no material issues of fact in dispute, and because it appears as a matter of law, that the plaintiff is not entitled to relief, it is recommended that the defendants' Motion to Dismiss or in the alternative for Summary Judgment, be treated as a Motion for Summary Judgment; that the motion be granted and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                              Respectfully submitted,

                                              s/Robert C. Mitchell,
Entered: October 31, 2006                     United States Magistrate Judge